UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID MICHAEL WHITE, JR., <br><br> Plaintiff, <br><br> v. <br><br> DIANE THEWS, <br><br> Defendant. | CAUSE NO. 3:25-CV-564-JTM-AZ |

OPINION and ORDER

David Michael White, Jr., a prisoner without a lawyer, filed a complaint, alleging he received constitutionally inadequate medical care at Indiana State Prison for severe staph infections. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

White alleges he suffered from several staph infections, beginning with one under his testicles in September 2024. Next, he developed one on his right buttock, and then later, one on his left buttock. He was first seen by a medical provider regarding his staph infection on September 30, 2024. He does not say what happened at that visit, though it appears any treatment was not successful because at a sick call visit on

October 30, 2024, he was prescribed an antibiotic called Bactrim DS. That antibiotic, however, did not clear up his infections, and so several months later he was prescribed a different antibiotic, Clindamycin, and was ordered to receive wound care.

After several weeks of off-and-on wound care treatment and taking multiple different kinds of antibiotics, White alleges he was suddenly taken off both treatments, despite still having staph infections and being in pain from those infections. He alleges that when he asked Nurse Diane Thews why he was taken off his antibiotics and wound care treatment, she told him that he needed to stop complaining about his problems; he was given treatment, and they didn't care whether it worked or not. She told him they were not going to try anything else or send him to an outside health care provider no matter how many Health Care Request Forms he submitted.

Despite this, White continued to submit Health Care Request Forms after the treatment stopped because the infections that were now on his right and left buttock were causing him major sleep deprivation. He could not lay down, walk, or exercise. He wanted the two staph infections lanced open and surgically removed. Nurse Thews denied him treatment again.

To state an Eighth Amendment claim for the denial of the right to adequate medical care, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person

2

would recognize it as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Deliberate indifference is a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (citations and quotation marks omitted).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). As the Seventh Circuit has explained:

> [M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

3

*Id.* at 697-98. Negligence, incompetence, or even medical malpractice do not amount to deliberate indifference. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004).

Here, giving White the inferences to which he is entitled at this stage, he has stated a claim against Nurse Thews for deliberate indifference for stopping all treatments after the initial ones were ineffective. However, White does not state a claim against the remaining defendants. As to Dr. Marthakis, her alleged involvement is limited to prescribing him Bactrim DS at an October 30, 2024, medical visit. Dr. Marthakis did not provide deliberately indifferent care simply because her chosen treatment did not work. The Constitution does not guarantee prisoners successful medical treatment. *See Knight v. Wiseman*, 590 F.3d 458, 467 (7th Cir. 2009) ("The Eighth Amendment does not require prison officials to provide flawless treatment."). Instead, prisoners are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). There are no facts alleged that allow a reasonable inference that prescribing this antibiotic was not based on medical judgment.

White also sues Nurse Adrian, whom he saw at a sick call visit on March 1, 2025. He complains that she prescribed him another antibiotic, rather than lancing the infected areas and surgically removing them. White is not entitled to the treatment of his choice. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) (prisoner not entitled to demand specific care, nor is he entitled to the "best care possible"). At a certain point, persisting with a course of treatment known to be ineffective becomes deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). The allegations here do

4

not reach that point. White has not alleged facts that allow a reasonable inference that it was a substantial departure from accepted medical practice to continue using antibiotics to treat the infection.

Finally, White alleges that over the course of the infection, he would ask several staff members, including Lieutenant Hudson, Sergeant Triu, Officer Lorek, Nurse Hope, and Nurse Block, to get him medical attention because he was in excruciating pain from the staph infections. They all ignored his requests for medical attention, and several of them belittled him when doing so. Further, he alleges that Lieutenant Hudson, Sergeant Lopez, Sergeant Triu, and Officer Lorek refused to get him care because they all had a personal vendetta against him for filing grievances on them concerning various matters.

White may not proceed against these defendants. There are no facts alleged that his pain, while significant, was the type of emergency that required immediate treatment such that it rose to the level of deliberate indifference to make him wait for medical care through the usual health care request form process. It is not deliberate indifference to insist an inmate follow administrative procedures to receive medical care for non-urgent matters. *See Lewis v. McLean*, 941 F.3d 886, 894 (7th Cir. 2019) ("Nurse McLean did not think emergency care was necessary when Mr. Lewis could move his limbs, breathe, and talk; in other words, she exercised her professional judgment. A treatment decision that's based on professional judgment cannot evince deliberate indifference." (quotation marks and brackets omitted)); *Rankin v. Baker*, 770 F. App'x 752, 754-55 (7th Cir. 2019) (concluding "[a] reasonable jury . . . could not find that Dr. Baker's referral to the sick-call system was blatantly inappropriate and lacked

5

professional judgment" when he told inmate that "he treated only blood-pressure issues in the hypertension clinic unless the inmate presented an emergency, which his follicle condition and knee pain were not" (quotation marks omitted)). Even if these defendants acted unprofessionally, their failure to get White immediate medical assistance does not constitute deliberate indifference because he has not plausibly alleged a serious medical need that required immediate attention.

To the extent White might be alleging the correctional officers retaliated against him for filing grievances, that also does not state a claim. To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (internal quotation marks and citation omitted); *see also Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Here, the alleged adverse action was the failure of these correctional officers to get medical care for White. When determining whether an action is adverse, the court applies an objective standard, inquiring whether the alleged deprivation would likely deter "a person of ordinary firmness" from continuing to engage in protected activity. *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011). "Furthermore, the harsh realities of a prison environment affect [the court's] consideration of what actions are sufficiently adverse. Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse."

6

*Holleman v. Zatecky*, 951 F.3d 873, 880–81 (7th Cir. 2020) (quotation marks omitted). Here, White does not allege the correctional officers prevented him from getting medical care he was otherwise entitled to or that they would have gotten medical care for another prisoner under these circumstances. Under these circumstances, White has not plausibly alleged a First Amendment retaliation claim.

Finally, White sues Centurion Health of Indiana, the private company that provides healthcare at the prison. A private company performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but only if the "unconstitutional acts of their employees . . . were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). There is no respondeat superior liability under 42 U.S.C. § 1983, which means a private company cannot be held liable for damages simply because it employed a medical professional who engaged in wrongdoing. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). To allege a viable *Monell* policy claim, the plaintiff must identify an official policy, custom, or practice that caused him injury. *Id.*; *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). There are no such allegations here.

For these reasons, the court:

(1) GRANTS David Michael White, Jr., leave to proceed against Nurse Diane Thews in her individual capacity for compensatory and punitive damages for stopping further treatments for White's staph infections after the initial ones were ineffective in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Nancy Marthakis, Block, Adrian, Hope, Hudson, Lopez, Triu, Lorek, and Centurion Health of IN;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Diane Thews at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (DE # 1);

(5) ORDERS Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Diane Thews to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: October 31, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT