UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID MICHAEL WHITE, JR.,<br><br>Plaintiff,<br><br>v.<br><br>DIANE THEWS,<br><br>Defendant. | CAUSE NO. 3:25-CV-564-JTM-AZ |

OPINION and ORDER

David Michael White, Jr., a prisoner without a lawyer, is proceeding in this case "against Nurse Diane Thews in her individual capacity for compensatory and punitive damages for stopping further treatments for White's staph infections after the initial ones were ineffective in violation of the Eighth Amendment[.]" (DE # 6 at 7.) Nurse Thews filed a motion for summary judgment, arguing White did not exhaust his available administrative remedies before filing this lawsuit. (DE # 18.) White filed a response, and Nurse Thews filed a reply. (DE ## 23, 24.) The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.

2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

During all relevant times, an Offender Grievance Process was in place at Indiana State Prison (ISP) which required inmates to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. (DE # 18-2 at 2; DE # 18-3 at 3.) Specifically, an inmate must submit a grievance to the grievance office within ten business days of the incident giving rise to the complaint. (DE # 18-3 at 9.) Once an inmate submits a grievance, the Grievance Specialist "must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." *Id.* "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.* If the Grievance Specialist does not respond to the offender's written notification within ten business days, the Offender Grievance Process does not provide any further available remedies for the offender to exhaust. (*See* ECF 18-3.)

Nurse Thews provides evidence that White submitted Grievance 223420 on April 24, 2025, complaining that he was being denied medical care. (DE # 18-5 at 1.) She argues White did not fully exhaust this grievance because he never submitted a Level II

appeal and, regardless, the grievance does not exhaust his claim in this lawsuit because it does not contain any allegations against her. (DE # 18-2 at 5-7.)

In response, White argues and provides evidence he submitted a different grievance related to his claim against Nurse Thews on April 7, 2025, and never received any receipt or response from the grievance office. (DE # 23 at 5.) He then submitted numerous "Request for Interview" forms to the Grievance Specialist stating that he had not received any receipt or response to his April 7 grievance, but still he received no response. (*Id.* at 5-7; DE # 23-1 at 1-3.) In her reply, Nurse Thews argues only that White did not fully exhaust Grievance 223420, and does not address or dispute White's assertion he submitted a relevant grievance on April 7 which was ignored by the grievance office. (*See* DE # 24.)

Here, the undisputed evidence shows ISP's grievance office made White's administrative remedies unavailable by failing to issue any receipt or response for his April 7 grievance and his subsequent written notices concerning the lack of a response. Specifically, the Offender Grievance Process provides that, if an inmate submits a grievance and "does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice)." (DE # 18-3 at 9.) White complied with this requirement by submitting "Request for Interview" forms to the Grievance Specialist notifying him of the lack of response to his April 7 grievance. (DE # 23-1 at 1-3.) At that point, the Offender Grievance Process required the Grievance Specialist to "investigate the matter and respond to the

offender's notification within ten (10) business days." (DE # 18-3 at 9.) But there is no evidence the Grievance Specialist did so, which left White without any further available remedy to exhaust with regard to his April 7 grievance. *See Dole*, 438 F.3d at 809; *Jones v. Lamb*, 124 F.4th 463, 468 (7th Cir. 2024) ("When prison officials fail to timely respond to a prisoner's grievances, for example, administrative remedies are unavailable."); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (rejecting an exhaustion defense where officials failed to respond to the prisoner's grievances and the grievance policy provided no instructions for proceeding without a response).

Accordingly, the undisputed evidence shows White pursued the remedies available to him before filing this lawsuit, and the grievance office made further remedies unavailable by failing to respond to his April 7 grievance and subsequent written notices. Nurse Thews therefore has not met her burden to establish a failure to exhaust, and her summary judgment motion must be denied.

For these reasons, the court **DENIES** Nurse Thews' motion for summary judgment (DE # 18).

**SO ORDERED.**

Date: October 26, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT